UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20538-Civ-COOKE/TURNOFF

PRADEL VILME,

    Plaintiff
vs.

COLONIAL PLAZA CONDOMINIUM,
INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendant Colonial Plaza Condominium, Inc.'s ("Colonial Plaza") Motion to Dismiss (ECF No. 10). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is granted.

### I. BACKGROUND

The facts set forth herein are taken from Plaintiff Pradel Vilme's Complaint. In the summer of 2010, the Florida Legislature revised Florida's Condominium Act, Fla. Stat. § 718.116, which became effective on July 1, 2010. The revision created a private cause of action, which allows homeowner's associations ("HOAs") to garnish rental payments due from the tenants of any unit owners who default on the payment of any monetary obligations due to the HOA. In order to garnish these rental payments, the HOA must make a written demand that the tenant pay to the HOA any subsequent rental payments related to the unit until the monetary obligation owed to the HOA is fulfilled. The HOA must send a copy of the demand to the unit owner. Section 718.116 allows the HOA to continue to collect rent from the tenant until the unit owner's account is current. If the tenant does not furnish rental payments to the HOA after it makes a written demand, the HOA has the power and authority to sue the tenant for eviction as if the HOA was the landlord.

On May 23, 2002, Vilme purchased a unit in Colonial Plaza's building. As a unit owner, Colonial Plaza, the HOA, required him to contribute monthly dues, a portion of which it used for the maintenance of the building and common areas. Vilme rented out his unit.

At some point, Colonial Plaza sent an undated notice of demand for rents pursuant to § 718.116(11) to Vilme's tenants, stating that Vilme was in default and that all future rent payments should be sent to Colonial Plaza through its agent/manager. Colonial Plaza's agent/manager has been collecting $800.00 per month from Vilme's tenants since August 2010. The tenant has not paid any rent to Vilme since then. On March 10, 2011, Colonial Plaza imposed a claim of lien on Vilme's unit for an amount he claims he does not owe. In fact, Vilme alleges that his payments to the HOA are up to date. Vilme alleges that, though these actions, Colonial Plaza has deprived him of his interest in the rental payments related to his unit without due process of law.

Vilme also claims that Colonial Plaza has retaliated against him for refusing to sell his unit to Fred Carrillo, the HOA's president. Specifically, he states that Colonial Plaza retaliated against him by: (i) failing to renovate the building in which his unit is situated, despite renovating the adjacent buildings; (ii) ordering tenants not to pay him; and (iii) causing a false claim of lien to be attached to his property.

Colonial Plaza moves to dismiss on the grounds that it is not a state actor as required to state a § 1983 action and Vilme fails to state a claim for retaliation.

## II. LEGAL STANDARDS

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true, however mere conclusory statements "are not entitled to the assumption of truth."

*See Iqbal*, 556 U.S. at 664. The factual allegations alone must state a facially plausible entitlement to relief. *Id.* The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. ANALYSIS

#### A. Count I

Colonial Plaza argues that Vilme's Fourteenth Amendment claim fails because Colonial Plaza is not a state actor. Vilme notes that state action can exist when there is entanglement or joint participation between the state and a private actor. Here, Vilme argues, state action exists because state law authorizes a private party, Colonial Plaza, to "fine and take his property," which is traditionally a government function, and the state "stands to issue a writ of possession to be executed by the sheriff" in the case of a default.

To sufficiently state a § 1983 claim, a plaintiff must allege (1) that he or she has been deprived of a right secured by the Constitution and laws of the United States, and (2) that the defendant deprived him or her of this right while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Although a private party may cause a deprivation of a constitutional right, liability under § 1983 only arises when he or she does so under color of law. *Id.* at 156; *see Nat'l Broad. Co. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1024 (11th Cir. 1988) ("The Fourteenth Amendment . . . do[es] not apply to private parties unless those parties are engaged in an activity deemed to be 'state action.'").

Action by a private party pursuant to a state statute, without something more, is not sufficient to characterize that party as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939

(1982).  The Supreme Court has used three tests in evaluating whether private party conduct is state action: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test."  *Nat'l Broad. Co.*, 860 F.2d at 1026.  The public function test "covers only private actors performing functions traditionally the exclusive prerogative of the State."  *Id.* (internal quotations omitted).  The state compulsion test "limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution."  *Id.*  The nexus/joint action test requires that "the governmental body and private party . . . be intertwined in a 'symbiotic relationship.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357 (1974)).  Vilme fails to establish that Colonial Plaza is a state actor under any of these tests.

Colonial Plaza's ability to garnish rental payments does not constitute a traditional exclusive, public function.  That a private party may have powers that are co-extensive with the state in insufficient to satisfy the public function test; "the public function test shows state action only when private actors are given powers (or perform functions) that are traditionally the *exclusive* prerogative of the State."  *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992).  "[T]he settlement of disputes between debtors and creditors is not traditionally an exclusive public function."  *Flagg Bros.*, 436 U.S. at 161; *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 359 (5th Cir. 1977) (finding no federal action where mortgagee exercised private power of sale of HUD-assisted mortgage where HUD mortgage form authorized foreclosure by private power of sale as well as by judicial foreclosure).  At most, § 718.116 permits Colonial Plaza to exercise powers that are co-extensive with the state.

Further, there are no factual allegations to indicate that the state has coerced or significantly encouraged Colonial Plaza to avail itself of the remedies provided in § 718.116.  State compulsion or coercion is generally found in cases where the state directs, controls, or approves the decisions the private action makes.  *See, e.g.*, *Nail v. Cmty. Action Agency of Calhoun Cnty.*, 805 F.2d 1500,

1501-02 (11th Cir. 1986) (termination of teacher in Headstart Program did not constitute state action because, although the state funded the program, it did not control or authorize specific personnel decision).  The state compulsion test is therefore inapplicable.

Finally, the Complaint's factual allegations also fail to satisfy the nexus/joint action.  In this case, Colonial Plaza has not "invok[ed] the aid of state officials to take advantage of state-created attachment procedures."  *Lugar*, 457 U.S. at 942.  The Complaint does not allege that a state actor has taken any action to assist Colonial Plaza with collecting on Vilme's debt, such as issuing a writ of possession to be executed by the sheriff.  *See Lugar*, 457 U.S. 924. Rather, according to the Complaint's allegations, Colonial Plaza chose to pursue a private creditor's remedy under state law; the HOA, not the state, "controls the exercise of the power" and it "exercised that power . . . on its own initiative and independently [of the state]."  *Roberts*, 556 F.2d at 359.

It is possible that Vilme's claim may be theoretically viable under some different set of facts.  I will dismiss this claim without prejudice to give Vilme an opportunity to reassert this claim if or when Colonial Plaza at some point invokes the aid of state actors in its collection efforts.[1]

**B. Count II**

Count II of Vilme's Complaint is labeled simply "Retaliation."  Vilme fails to provide any statutory or other legal basis for this claim, but it appears to be a Florida common law claim.  There being no remaining ripe, viable federal claim before me, to the extent Vilme's retaliation claim is a Florida common law claim, I decline to exercise supplemental jurisdiction over it.[2]  *See* 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).  This claim is therefore dismissed without prejudice.  Vilme is free to try to pursue this claim in state court.

---

[1] I make no finding, however, as to whether Vilme's claim would survive if Colonial Plaza did invoke the aid of state actors in its collection efforts.  Such facts are not before me.

[2] Vilme alleges that both he and Colonial Plaza are Florida citizens.  (Compl. ¶¶ 1-2).  Thus, this Court does not have diversity jurisdiction in this case.  *See* 28 U.S.C. § 1332.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*. The Clerk is directed to *administratively* **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 29th day of June 2012.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*